IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–82–BLG–SPW |
| Plaintiff, | |
| vs. | ORDER |
| KAYLA ANN GONZALES, | |
| Defendant. | |

On April 22, 2024, Defendant Kayla Ann Gonzales filed a motion to reduce her 180-month federal drug and firearm sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 50; *see* Doc. 35 (Judg.).) Her projected release date is May 18, 2032. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed August 13, 2024). On April 29, 2024 counsel was appointed to represent the defendant. (Docs. 51, 52.) Appointed counsel filed an amended motion on July 23, 2024. (Doc. 55.) The government opposes. (Doc. 56.) For the reasons stated below, Gonzales' motion is denied.

### Analysis

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy

1

statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Gonzales argues she is the only available caregiver for her ailing mother. The government responds that she has not met her burden of demonstrating her mother has no other available and appropriate caregiver and that the § 3553(a) factors weigh against her early release. Although Gonzales has demonstrated she has an extraordinary and compelling reason, because the government has the stronger argument as the § 3553(a) factors, her motion is denied.

I.  **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here,

2

Gonzales filed a request for relief with the warden at her facility on February 28, 2024, and it was denied on March 5, 2024. (*See* Doc. 55-1.) She has therefore exhausted her administrative remedies as required by statute.

## II.     Extraordinary and Compelling Reasons

On November 1, 2023, the Sentencing Commission amended its policy statements under the Guidelines Manual §1B1.13(b) to provide explicit examples of what constitutes an "extraordinary and compelling reason" for compassionate release. *See* USSG App. C, amend. 814, at 204. Relevant here, a defendant can demonstrate an extraordinary and compelling reason upon showing the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." USSG §1B1.13(b)(3)(C). Gonzales argues that because she is the only caregiver available for her ailing mother, she has an extraordinary and compelling reason for early release. The government disagrees because, it argues, Gonzales has not established she is the only available, appropriate caregiver for her mother. Gonzales has the stronger argument.

Gonzales argues, and the government concedes, that her mother Linda Simpson, is ill and in need of a caregiver. She is correct. Ms. Simpson affirms that she has been struggling with many medical issues as a result of a stroke and suffers from several other issues, including sciatica. (Doc. 50-1 at 20; Doc. 59-1 at ¶ 4) She is unable to walk more than 50 feet because of back pain and has had

3

surgery on her knees resulting from arthritis. (Doc. 59-1 at ¶ 4.) Her medical records support her contention, and her physician adds that she has chronic lumbar and hip pain, (Doc. 50-1 at 38), and that she both needs care and "is not able to live alone and manage her care," (Doc. 55-2). Ms. Simpson resides rurally in Lame Deer, Montana but plans on moving closer to town to be closer to services, and to move to a smaller, more manageable location. (*Id.* ¶ 2.) Ms. Simpson has three other children besides Gonzales. (*Id.* ¶ 3.) One lives in Colstrip, Montana and is currently caring for Gonzales' minor child. (*Id.*) The other two live in Lame Deer, but work and have children and families that prevent them from caring for their mother full time. (*Id.*) Accordingly, Gonzales has met her burden of showing that her mother needs care and that she is the "only available caregiver."

Notwithstanding, the government contends that Gonzales is not an appropriate caregiver. It argues that because Gonzales is "an untreated methamphetamine addict who has yet to begin the Bureau of Prisons' Residential Drug Treatment Program [RDAP]," and because she violated her pretrial conditions of release, she is not an appropriate caregiver. As Gonzales correctly argues, there is no requirement that an available caregiver also be "appropriate," and the government provides no legal authority adding that requirement to the plain language of the Sentencing Guidelines. That is not to say that Gonzales' history of drug addiction and her previous inability to follow conditions of

4

supervision are irrelevant—they will be addressed below—but they do not weigh against a finding that she is the "only available caregiver" for her incapacitated mother.

Accordingly, Gonzales' need to care for her ailing mother constitutes an extraordinary and compelling reason for early release.

### III.   Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A).  To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a).  Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.  *See* 18 U.S.C. § 3553(a)(1), (2).  Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants.  *See id.* § 3553(a)(4), (6).

Gonzales was involved in distributing drugs, namely methamphetamine, in the Billings area and on the Northern Cheyenne Reservation.  (*See* PSR ¶¶ 7–15.)

5

Based on drugs recovered from multiple interactions with law enforcement, she was held responsible for 1,242.73 grams of pure methamphetamine. (*See id.* ¶ 16.) Law enforcement also found a firearm in Gonzales' possession during one of their interactions. (*Id.* ¶ 15.) She had a criminal history score of one resulting from various unscored drug-possession and theft charges, and one scored theft charge from 2009. (*Id.* ¶¶ 33–49.) Based on her criminal history and her offense conduct, her advisory guideline range was 120 months to 135 months because she faced a statutory mandatory minimum sentence of 120 months. (*Id.* ¶ 77.) She also faced a statutory mandatory minimum sentence of 60 months of custody, to run consecutive, for the use of a firearm in furtherance of a drug crime, (*see* Doc. 1). Gonzales argues that she received an extraordinarily long sentence, but she received the minimum sentence mandated by the statutes of 180 months total. (*see* Doc. 35). At the time of sentencing, she was approximately 7 months pregnant with her daughter, who now lives with her brother. (PSR at ¶ 56; Doc. 59-1 at ¶ 3.)

     One factor the Court must consider is the "need for the sentence imposed . . . to provide the defendant with needed educational or vocational training . . . or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). While incarcerated, Gonzales has taken several courses to work on her rehabilitation, and has earned certificates in business education, drug education, parenting, and mental health. (Doc. 50-1 at 3–19.) She has not

6

completed the RDAP program, as was recommended at sentencing, (*see* Doc. 35 at 2), but her counsel believes she is on a waiting list to enroll, (*see* Doc. 55 at 8–9). Thus, her failure to complete the RDAP program does not appear to be a result of her unwillingness, but rather due to restrictions on BOP programming availability. And, it appears she has maintained her sobriety while in BOP custody. This record of education and sobriety is commendable; however, the court is concerned she has not completed intensive substance abuse treatment, i.e. RDAP, given her substance abuse history.

However, these are not the only factors the Court must consider. Importantly, the Court must consider the need for the sentence imposed to reflect the seriousness of the offenses and the need to protect the public. Gonzales' offense conduct was serious, as was reflected in her sentence. However, her sentence was at the low end of her advisory guideline range for the drug offense (and the statutory mandatory minimum) and the statutory mandatory minimum for her firearm offense. By statute, her sentence for the firearm was required to run consecutively. Her sentence reflected the Congressional imperative to take seriously the crimes she committed. Reducing Gonzales' sentence to the roughly five years she has served to date would denigrate the seriousness of her crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## CONCLUSION

Accordingly, IT IS ORDERED that Gonzales' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 50, 55) is DENIED.

DATED this 19th day of August, 2023.

Susan P. Watters, District Judge
United States District Court