IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KAYLA ANN GONZALES,<br><br>Defendant. | CR 19–82–BLG–SPW<br><br>ORDER |

On September 19, 2025, Defendant Kayla Ann Gonzales filed a second motion to reduce her 180-month federal drug and firearm sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 61; *see* Doc. 35 (Judg.).) Her projected release date is May 18, 2032. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 24, 2025). The government opposes. (Doc. 63.) The basis for Gonzales' motion is that she is the only caregiver for her ailing mother and that her rehabilitative efforts weigh in favor of early release. (Doc. 61.) Those same arguments were considered in reviewing Gonzales' first motion for compassionate release, filed in 2024. (*See* Docs. 50, 55, 56, 59.) In denying that motion, this Court found that while Gonzales' caregiver status qualified as an extraordinary and compelling reason for early release, the sentencing factors of 18 U.S.C. § 3553(a) did not support such release. (*See* Doc. 60.) Recognizing that Gonzales has taken positive

1

steps to obtain drug treatment since that Order, early release is still not warranted. For the reasons stated below, Gonzales' motion is denied.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284. Here, Gonzales argues once again that she is the only available caregiver for her ailing mother, but newly asserts that the § 3553(a) factors now weigh in favor of release as she has been enrolled in drug treatment.

### I. Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Gonzales filed a request for relief with the warden at her facility on July 29, 2025, (Doc. 61 at 7), and she did not receive a response. She has therefore exhausted her administrative remedies as required by statute.

## II.     Extraordinary and Compelling Reasons

A defendant can demonstrate an extraordinary and compelling reason for early release upon showing the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." USSG §1B1.13(b)(3)(D). Gonzales argues that she is the only caregiver available for her ailing mother. Based on this Court's previous ruling, the government does not dispute this finding. (*See* Doc. 63 at 7.) Accordingly, Gonzales' need to care for her ailing mother constitutes an extraordinary and compelling reason for early release.

## III.    Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of 18 U.S.C. § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense,

3

to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6). Ultimately, because the § 3553(a) factors do not support early release, Gonzales' motion is denied.

The Court thoroughly considered these factors in its 2024 Order. (*See* Doc. 60 at 5–7.) The only fact that has changed since the issuance of this Order is that Gonzales recently qualified for the Residential Drug Treatment Program, (Doc. 63-4 at 3), and Gonzales has indicated that she intends to complete an intensive version of that treatment, (*see* Docs. 61, 64). However, Gonzales has not yet completed that treatment and, even if she does in the next year, she will have served less than half of the sentence imposed. A reduction would therefore denigrate the seriousness of her crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A). To the extent Gonzales argues that she seeks home confinement as opposed to early release, BOP determines where and under what conditions a convicted person serves her sentence. *See* 18 U.S.C. § 3621(b). As such, this Court does not have the authority to dictate the terms of Gonzales' incarceration. That said, Gonzales should continue to take advantage of all

educational, vocational, and treatment programming available as it can only serve to benefit her in the future.

## CONCLUSION

Accordingly, IT IS ORDERED that Gonzales' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 61) is DENIED.

DATED this 24th day of November, 2025.

Susan P. Watters, District Judge
United States District Court